Filed 8/18/14  P. v. Podgurski CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WANDA PODGURSKI,<br><br>    Defendant and Appellant. | D065316<br><br><br>(Super. Ct. No. SCD246535) |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia Eyherabide, Judge.  Affirmed.

Boyce & Schaefer and Robert E. Boyce, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Wanda Podgurski entered a guilty plea to one count of failure to appear while on bail (Pen. Code,[1] § 1320.5).  She admitted the allegation that at the time of the offense she had been released from custody on bail (§ 12022.1, subd. (b)).  The trial court

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

imposed a sentence of two years eight months to be served consecutively to a sentence imposed in case No. SCD227563.[2]

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) requesting this court to review the record on appeal for possible error. We offered Podgurski the opportunity to file her own brief on appeal, but she has not responded.

STATEMENT OF FACTS

Since this is an appeal from a guilty plea, we only have the appellant's statement of the offense from the change of plea form. She admitted that she "unlawfully and willfully failed to appear as required in court having been charged with the commission of a felony and released from custody on bail and to evade the process of the court."

DISCUSSION

As we have indicated, appellate counsel has filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436, indicating he has been unable to identify any reasonably arguable issues for reversal on appeal. He asks this court to review the record for error as mandated by *Wende*. Appellate counsel has not complied with the requirement of *Anders, supra*, 386 U.S. 738, to identify any possible, but not arguable issues. However, given the simplicity of this case, we are able to conduct an appropriate review of the appeal in a search for any reasonably arguable issues. While we do not approve of counsel's failure

---

[2]    The case is now pending in this court in case No. D064114.

to fully comply with *Anders*, we are satisfied any error on his part is harmless beyond any reasonable doubt.

We have examined the entire record. Podgurski was fully apprised of her rights and the consequences of her plea. The record contains a factual basis for the plea and the trial court's sentencing was within its discretion and in accordance with the possible consequences with which Podgurski was advised. She was represented by counsel throughout the proceeding. Counsel filed a statement in mitigation and vigorously advocated for the minimum punishment required for the offense. Having examined the record, we are satisfied there is no arguable issue for reversal on appeal contained in this record.

Although appellate counsel did not comply with the mandates of *Anders, supra,* 386 U.S. 738, we find that Podgurski has been represented by competent counsel on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

HALLER, J.

3